## CONTINENTAL INSURANCE CO., Plaintiff,

v.

## DEL ASTRA INDUSTRIES, INC., Charles Prior Hall, and WBX Partners, Defendants.

### No. C–91–4478 SAW.

United States District Court, N.D. California.

Jan. 25, 1993.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. Background

In a patent lawsuit filed by Charles Prior Hall ("Hall") and WBX Partners ("WBX") against Del Astra Industries ("Del Astra") in the Central District of California ("the Central District action"), Del Astra tendered its defense to Continental Insurance Company ("Continental"). Continental refused the tender and filed an action seeking a declaration that it has no duty to indemnify or defend Del Astra. On November 5, 1992 Continental moved for summary judgment. The Court denied Continental's motion and *sua sponte* granted partial summary judgment for Del Astra, ruling that Continental has a duty to defend Del Astra under the policies. Continental moves for certification of the

Court's ruling as a final judgment under Fed.R.Civ.P. 54(b). Defendants do not oppose this motion.

## II. Discussion

Rule 54(b) permits the Court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties in a lawsuit "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed R.Civ.P. 54(b); *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

To prevent piecemeal appeals, the Court may direct an entry of judgment pursuant to Rule 54(b) only when the claims upon which entry of judgment is entered are separable and distinct from the claims remaining in the lawsuit. *Continental Airlines, Inc. v. Goodyear Tire and Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir.1987).

In this case, the issue being appealed, Continental's duty to defend Del Astra, is separable from the claims remaining in the lawsuit.[1] Under California law, the insurer's duty to defend its insured is distinct from and broader than the duty to indemnify. *Gray v. Zurich*, 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).

Moreover, there is no just reason to delay. To the contrary, judicial economy is served by immediate appeal of the Court's grant of partial summary judgment. An appellate court ruling that Continental has no duty to defend would significantly reduce the scope of issues for trial and would conserve judicial and party resources.

Accordingly,

IT IS HEREBY ORDERED that the Court directs entry of judgment on its grant of partial summary judgment for Del Astra and certifies its decision for appeal pursuant to Fed.R.Civ.P. 54(b).

---

1. The claims remaining to be adjudicated include Continental's duty to indemnify Del Astra and Del Astra's counterclaim for breach of the covenant of good faith and fair dealing.